UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MARIO HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   C08-552-RAJ-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| RANJITA LAL, *et al*., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

Plaintiff is currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington. He has submitted to this Court for review a civil rights complaint and an application for leave to proceed with this action *in forma pauperis*. Plaintiff asserts in his complaint that after he became incarcerated, his wife kidnaped his two children and took them to Canada to live, thus depriving plaintiff of his right to visitation. Plaintiff identifies as defendants in his complaint his wife and his two children. Plaintiff seeks the Court's assistance in securing the return of his children.

In the caption of his complaint, plaintiff cites to several federal statutes which he appears to believe provide a basis for this Court's jurisdiction: 42 U.S.C. § 1983 and 28 U.S.C. §§ 1346, 1350 and 2671-2680. However, none of these statutory provisions provides any basis for this Court's jurisdiction over the issues presented in plaintiff's complaint.

In order to sustain a civil rights action under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton*

REPORT AND RECOMMENDATION
PAGE - 1

1  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff has not identified any state actor as a

2  defendant in his complaint.  Thus, plaintiff may not proceed under § 1983.  Section 1346 of Title 28

3  of the United States Code is a jurisdictional provision which pertains to district court jurisdiction over

4  cases where the United States is a defendant.  The United States has not been named as a defendant in

5  this action.  Thus, § 1346 provides no basis for jurisdiction over plaintiff's claims.  Section 1350 of

6  Title 28 of the United States Code is a jurisdictional provision that pertains to tort actions filed by

7  aliens.  Plaintiff is neither an alien nor is he seeking to pursue a tort claim.  Thus, § 1350 provides no

8  basis for jurisdiction either.  Finally, sections 2671-2680 of Title 28 of the United States Code are all

9  statutory provisions pertaining to federal tort claims procedure.  Again, plaintiff is not seeking to

10 pursue a tort claim.  Thus, §§ 2671-2680 do not provide any basis for jurisdiction over plaintiff's

11 claims.[1]

12     As plaintiff has not alleged any valid basis for this Court's jurisdiction, this Court recommends

13 that this action be dismissed and that plaintiff's application to proceed *in forma pauperis* be denied as

14 moot.  A proposed Order accompanies this Report and Recommendation.

15     DATED this 23rd day of April, 2008.

       *(signature)*

       JAMES P. DONOHUE
       United States Magistrate Judge

---

[1] Plaintiff asserts in the body of his complaint that removal of his children to Canada constitutes parental kidnaping under the International Child Abduction Act and the Uniform Child Custody Jurisdiction and Enforcement Act.  This assertion suggests that plaintiff believes he may have a viable claim under the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention").  If this is the case, the proper manner in which to proceed would be for plaintiff to file a petition under the Convention in a court of appropriate jurisdiction.  *See* 42 U.S.C. § 11603.  A prisoner civil rights action is not a proper means for plaintiff to pursue the relief set forth in his complaint.

REPORT AND RECOMMENDATION
PAGE - 2